## MAYER v. FLAMMER.

(Supreme Court, Special Term, New York County. August 15, 1902.)

**1. DISMISSAL—MOTION TO VACATE.**

The right of inheritance to certain property devised to a decedent by his mother was established to be in a posthumous child of the decedent, and several months thereafter the widow, the child's mother, commenced an action, as the child's guardian ad litem, to recover possession of the property. Before trial of the action the widow died, and on proof that the child, the nominal plaintiff, had in fact died several months prior to the action, the court substituted a sister of the deceased widow as plaintiff, and ordered the action dismissed, on consent of all the parties. Thereupon an adopted child of the widow, which was living with her at the time of the commencement of the action, and which was then held out by her as her natural child, made an application to have vacated the court's orders substituting a new plaintiff and dismissing the action. *Held,* that this adopted child clearly appeared to be a stranger to the action, and therefore her application could not be granted.

Action by Annie F. Mayer, as guardian ad litem, against William G. Flammer. Motion by Margaretha Pearl Mayer, by her next friend, Ann Kelly, to have vacated two orders, one of them dismissing the action. Motion denied.

GREENBAUM, J. One Elizabeth Mayer died seised of certain property known as No. 639½ Hudson street, this city, which she had devised to her son, John F. Mayer. The said John F. Mayer predeceased his mother, leaving him surviving his widow, Annie F. Mayer, the person mentioned in the caption as guardian ad litem of Margaretha Mayer. Five or six months after his death, and on August 23, 1895, a posthumous child was born to his widow. Letters of administration on the estate of Elizabeth Mayer, first above mentioned, had been granted to C. A. and J. J. Flammer, grandsons of Elizabeth Mayer, and in the proceeding had in June, 1896, the heirship of the infant Margaretha Mayer was established, and the letters of administration to the Flammers revoked. It appears from the death certificate filed with the board of health of Philadelphia, Pa., and from the proceedings at the coroner's inquest, that one Margaret Myers died on July 31, 1896, at No. 411 Poplar street, in that city. In an affidavit made at the inquest by one Anne Mayer, the mother of Margaretha Mayer, the deceased infant, she swears that her daughter,

the deceased, aged 11 months, died en route from Coney Island to Philadelphia of cholera infantum, being the same cause of death as that specified in the certificate. One George M. Waterhouse, of No. 411 Poplar street, Philadelphia, Pa., the person at whose house said Annie Mayer visited, testifies as to the visit of Mrs. Mayer and the death and burial of the child, and swears that the said Annie Mayer or Myers had resided at No. 509 Flushing avenue, Brooklyn, which was the address of the Annie F. Mayer herein mentioned, and that she was the daughter-in-law of Elizabeth Mayer, deceased. The Flammers conveyed to their father, William G. Flammer, by deed, their interests in No. 639½ Hudson street, which they claimed through their mother, the daughter of Elizabeth Mayer, contending that Annie F. Mayer was not the lawful wife of John F. Mayer, and Margaretha not his lawful child; and he, William G. Flammer, went into possession. It appears from the records of the New York Foundling Asylum that on September 11, 1896, Anna Frances Meyer, then of No. 685 Eighth avenue, New York City, received from the said institution a female child, named Mary Hedde, admitted to the hospital July 19, 1894, having been born July 7, 1894. Thereafter Annie F. Mayer consulted her attorney, and, upon his advice, he having no reason to suspect that the infant, shown in the proceeding of June, 1896, to be the heir of John F. Mayer, was no longer living, began the above-entitled action against William G. Flammer to recover possession of the premises No. 639½ Hudson street. Annie F. Mayer was appointed guardian ad litem, and the action was begun on May 25, 1897. On July 18, 1898, Annie F. Mayer died at No. 685 Eighth avenue, and thereafter the child alleged to have been adopted and substituted by her, and known as Margaretha Pearl Mayer, lived with one Margaret or Maggie Smith, a sister of Annie F. Mayer. The latter left a will devising all her property to her said sister, except No. 509 Flushing avenue, which she devised to the child, Margaretha Pearl Mayer. The then attorney for the plaintiff herein contested said will, which was admitted to probate after contest. Thereafter another attorney was substituted in his place, and in July, 1901, upon motion, and the consent of all parties, and proof that Margaretha Mayer, the nominal plaintiff in the above action, had died on July 31, 1896, the said Margaret Smith was, by order, substituted in her place as plaintiff, and John J. and Charles A. Flammer substituted in place of William G. Flammer, who had died; and on the same day, on consent of all parties, the said action was discontinued. The present motion is to vacate these two orders made and entered herein on the 17th day of July, 1901. The application is made by the child Margaretha Pearl Mayer, by her next friend, Ann Kelly, a relative with whom she has resided since the death of Margaret Smith on October 1, 1901, upon the claim that she is the natural child of Annie F. Mayer by John F. Mayer, her husband, and is the real plaintiff in this action. Affidavits are submitted designed to establish that the applicant and the then infant in arms at the proceeding in June, 1896, are one and the same person, and the applicants positively swear to the identity of the child and infant. I am reasonably certain, however, upon a careful perusal and consideration of all the affidavits and facts, that Margaretha Mayer, the natural

child of Annie F. Mayer by John F. Mayer, her husband, died on July 31, 1896; that she was dead 10 months before the commencement of this action; that the present applicant is the adopted and substituted child, Mary Hedde, known as Margaretha Pearl Mayer; that the order of July 17, 1901, substituting Margaret Smith for Margaretha Mayer, should not have been made is plain, for it appeared on the face of the papers upon which it was granted that the plaintiff in the action had been dead 10 months before the action was commenced, and that indeed no real plaintiff ever existed. Section 757 of the Code of Civil Procedure authorizes the substitution of a person as a party upon the death of a sole party plaintiff or defendant in certain cases, and clearly such substitution can be made only in the case of the death of a party who was in esse when the action was commenced. However that may be, upon the view here taken, it is plain that the person making the application never was the plaintiff in this action. She was never intended to be the plaintiff, and the action was never begun on her behalf. Though she was at its commencement the adopted child of Annie F. Mayer, and resided with her, and was held out to the world as the latter's real child, the plaintiff intended as such was a person no longer in being, to wit, the natural child of Annie F. Mayer by her husband, John F. Mayer, who had died some 10 months previously. Under these circumstances the present applicant has no standing in court to raise these objections to the validity of the order of July 31, 1901. She is, as I find, a stranger to the action, and her application cannot be granted. I have the less hesitancy in denying this motion because rights have accrued to other persons, not here represented, on the strength of those orders, and further, and more particularly, because any rights that the applicant may have will not be affected by this decision, but may be preserved and enforced by an action which will afford complete remedy.

Motion denied, without costs.